IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:19-CR-235 |
| | : | |
| v. | : | (Judge M. MANNION) |
| | : | |
| MIGUEL RENTERIA-GOMEZ | : | (Electronically Filed) |

### Sentencing Memorandum and Variance or Non-Guideline Sentence

Miguel Renteria-Gomez, by and through his counsel, Miles Clark III hereby files the following Defendant's Sentencing Memorandum. Mr. Renteria Gomez is respectfully requesting the Court impose a sentence of fifty-one (51) months in custody.

**Background**

On July 13, 2019, the government filed an Indictment that charged Miguel Renteria-Gomez with a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and 846 Conspiracy to Distribute Controlled Substances. (Doc. 1). On June 7, 2021, this Court signed an Order that granted a Motion for Pre-Plea Presentence Investigation Report. (Doc. 94). A Presentence Report (PSR) was initially disclosed on September 10, 2021, the revised PSR was disclosed on December 17, 2021 (Doc. 140). On April 21, 2021, the government filed a plea agreement wherein Mr. Renteria Gomez agreed to plead guilty to

Count 1 of the Indictment, a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and 846 drug trafficking conspiracy. (Doc. 83). Sentencing in this matter is scheduled for September 16, 2022. (Doc. 172).

**Statement of Facts**

On April 21, 2021, Mr. Renteria Gomez entered a guilty plea to count one of a superseding Indictment charging him with a violation of 8 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Distribute Controlled Substances. In 2019, the DEA agents discovered that from 2017 to July 30, 2019, Mr. Renteria Gomez conspired to distribute and possess with intent to distribute cocaine, methamphetamine, 1 kilogram or more of heroin, and 400 grams and more of fentanyl. Mr. Renteria Gomez made agreements with other persons to distribute cocaine. Specifically, Mr. Renteria Gomez worked as a courier for a DTO that was distributing controlled substances from the west coast to the east coast.

**Calculation of the Guidelines**

The defense agrees to calculation of the United States Motion Recommending Downward Departure USSG §5K2.0 and the PSR's Base Offense Level of 36, however, the defense does not agree to the additional of 4 levels added for his role as an "organizer".

Mr. Renteria Gomez maintains the following Guidelines are applicable and appropriately applied in this case:

Base Offense Level [U.S.S.G. § 2D1.1(c)(2)] 36

Acceptance of Responsibility [U.S.S.G. § 3E1.1] -3

Downward Departure [U.S.S.G. § 5K2.0] -9

Total Offense Level: 24

Mr. Renteria Gomez request that the base offense level be set at 36 and with a departure of nine (9) [for U.S.S.G. § 5K2.0 (**-9**) and U.S.S.G. § 3E1.1 (**-3**)] levels and that the Base offense level be adjusted to twenty-four (24).  The Defendant also has the right to argue that additional specific offenses characteristics, adjustments, and departures under the Sentencing Guidelines that are appropriate, making the Adjusted Offense Level 24.

Mr. Renteria Gomez has zero (0) criminal history points and is therefore in Criminal History Category I. The Guideline range for an adjusted offense level of twenty-four (24) and Criminal History Category I, is 51-63 months in custody. The Defense is recommending a sentence of the low term of fifty-one (51) months.

**5K2.0**

The Minimum term of imprisonment is 10 years, and the maximum term is life. 21U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A). However, the Defendant meets the criteria for a downward departure pursuant to revisions set forth in the First Step Act, therefore, the Court may impose a sentence in accordance with applicable guidelines without regard to any statutory minimum sentence. Mr. Renteria Gomez has no prior criminal history points; he was not a leader; no violence, injury, or weapons were involved in this offense; and he has provided the Government with all the information he possesses about this case. The Government's suggested sentence of 151-188 months is an extremely high sentence. In addition, to the high sentence, and the repercussions that Mr. Renteria Gomez will face in light of his convictions are deportation to Mexico, a place where Mr. Renteria Gomez has not resided in since 2010, where employment opportunities are scarce, and areas are often controlled by violent cartels.  Mr. Renteria Gomez will spend nearly half a decade in federal prison while his children celebrate a myriad of milestones without his presence and guidance.  The sentence imposed will no doubt be hardship for Mr. Renteria Gomez but also to his family.  Upon his release he will carry the burden of being a felon who banished from the United States for life. A sentence of fifty-one (51) months imprisonment is "sufficient but not grater than necessary to comply with the purposes of sentencing." 18 U.S.C. § 3553(a).

Argument

A. 18 U.S.C. § 3553(a) FACTORS

1. Nature and Circumstances of the Offense

   *a. Motivation for the Offense*
   Mr. Renteria Gomez motivation for this offense was solely economical. Mr. Renteria Gomez was presented with an opportunity to make some money by coordinating deliveries. Mr. Renteria Gomez fully acknowledges that his motives and actions were not justified and is deeply remorseful.

   *b. History and Characteristics of Defendant*

   Mr. Renteria Gomez is a 38-year-old Mexican National, father of two (M.R.H who is 14 years old and A.R.O who is 5 years old.) Prior to his arrest Mr. Renteria Gomez was financially responsible for his children maintained a close and loving bond with both.  From a young age Mr. Renteria Gomez suffered through many hardships including the death of his father.  Most of Mr. Renteria Gomez's childhood marred by poverty and physical and mental abuse by his alcoholic mother.  Mr. Renteria Gomez had to drop out of school at 6th grade and began doing farm work.  In 2010, Mr. Renteria Gomez immigrated to the US and was able to obtain a work visa that enabled him to do farm work. Later on, Mr. Renteria Gomez began working for several landscaping companies in California.  When Mr.

Renteria Gomez presented with an opportunity make more money, albeit by illicit means, Mr. Renteria Gomez was enticed and participated in illicit activities. As someone who came from very poor humble beginning, he saw this as a way out of the cycle of poverty for himself and his children. Mr. Renteria Gomez deeply regrets his decision to be involved in illicit activities and now is suffering the direct consequences of his decisions.

### c. The Proposed Sentence Will Promote Deterrence

The likelihood that a defendant "will engage in future criminal conduct [is] a central factor that district courts must assess when imposing sentence." **Pepper v. U.S.**, 131 S.Ct. 1229, 1242 (2011). Mr. Renteria Gomez is 38 years old and has no prior criminal record. As a first offender, he presents a low risk of recidivism. *See* **United States v. Duane**, 533 F.3d 441, 453 (6th Cir. 2008). Recidivism rates of true first-offenders, *i.e.* those without prior arrests or convictions, are significantly lower than those for other defendants in Criminal History Category I. *See* Michael Edmund O'Neill, *Abraham's Legacy: An Empirical Assessment of (Nearly) First-Time Offenders in the Federal System*, 42 B.C.L. Rev. 291 (2001) (suggesting a different Criminal History Category be created for "true first-time offenders"). In a case such as Mr. Renteria Gomez's, where he has no experience with incarceration prior to the instant offense, incarceration beyond that already recommended is not appropriate. Commission studies have further shown that individuals with zero

criminal history points are substantially less likely to recidivate than all other offenders. *United States v. Cabrera*, 567 F. Supp. 2d 271, 279 (D. Mass. 2008) (citing *Recidivism and the "First Offender"* (May 2004)). Under the circumstances a sentence significantly below the guideline range is warranted because it is extremely unlikely that Mr. Renteria Gomez will engage in future criminal activity, and any sentence handed down by the Court will serve as an adequate deterrence. *See U.S. v. Cabrera*, 567 F.Supp.2d 271 (D. Mass. 2008) (where Defendant convicted of poss. of drugs with intent to distribute and guideline range was 70-78 months, the court-imposed sentence of 24 months in part because "concerns about recidivism (see 18 U.S.C. § 3553(a)(2)(c)) compel a sentence still substantially" lower).

    Additionally, Mr. Renteria Gomez is undocumented, and this conviction will guarantee that Mr. Renteria Gomez will be deported, permanently banished, and he will never be able to adjust status in the United States in the future, which is punishment in its self since he will be separated from the family that he has made in the U.S. Mr. Renteria Gomez's family is already experiencing the effects of Mr. Renteria Gomez's choices and they will continue to experience the fallout long after his sentence has been completed. These facts should be considered by the Court when imposing a sentence that is sufficient but not greater than necessary to fulfill the purposes of the Sentencing Reform Act. These facts show the Court that

there is definitely punishment in a conviction, beyond just a term of incarceration.

### Conclusion

Sentencing courts are, of course, charged with the responsibility of treating those that come before them as individuals. *See Koon v. United States, 518 U.S. 81, 113 (1996) ("It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.").* Courts are charged by Congress, as well, to impose a sentence that is sufficient, but not greater than necessary to fulfill the goals of sentencing established by Congress. *See 18 U.S.C. § 3553(a).*

Just, however, as a sentence that is too short may fail to reflect the seriousness of the offense, promote respect for the law, or provide just punishment, so will a sentence that is excessively harsh. *See, e.g., United States v. Ontiveros, 07-CR-333, 2008 U.S. Dist. LEXIS 58774, \*6 (E.D. Wis. July 24, 2008) ("[A] sentence that is disproportionately long in relation to the offense is unjust and likewise fails to promote respect [for the law]"); United States v. Zavala, No. 07-14851, 2008 U.S. App. LEXIS 24168, \*8-9 (11th Cir. Nov. 25, 2008) ("[A]ny higher sentence would promote disrespect for the law.") (quoting the district*

*court)*.

Ordering a guideline sentence of incarceration is too harsh of a sentence in this case.

Therefore, the Defendant maintains that in this situation, with his role and minimal criminal record, he should be allowed the option of a downward departure. For the reasons set forth above, Mr. Renteria Gomez respectfully request the Court accept total offense level be twenty-four (24) points and that he be imprisoned on the low term of fifty-one (51) months. The government's proposed sentence of 151-188 months is unreasonable and excessive for his role, and more than necessary to achieve sentencing, and should not be imposed by the Court. Kimbrough v. United States, 522 U.S. 85, 101 (2007).

Respectfully submitted,

September 9, 2022

s/*Miles Clark III*
**Miles Clark III**
Attorney for the Defendant